UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARIE HOAGLAN,

        Plaintiff,

  v.

GREDE HOLDINGS LLC,

        Defendant.

Case No. 20-cv-425-pp

**ORDER GRANTING RENEWED JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT (DKT. NO. 31), CERTIFYING FLSA COLLECTIVE AND DISMISSING CASE WITH PREJUDICE**

On March 19, 2020, the plaintiff filed a complaint asserting claims under the Fair Labor Standards Act (FLSA) and Wisconsin wage and hour laws. Dkt. No. 1. On December 4, 2020, the plaintiff filed a stipulation of dismissal as to counts two and four of the complaint, dkt. no. 13, as well as a stipulation for conditional certification and authorization of notice to similarly-situated persons pursuant to 29 U.S.C. §216(b), dkt. no. 14.

On December 9, 2020, the court approved the parties' stipulation of dismissal of counts two and four and ordered the plaintiff to file an amended complaint reflecting that change. Dkt. No. 15. The court approved the stipulation for conditional certification on December 28, 2020. Dkt. No. 16. The plaintiff amended the complaint on January 7, 2021. Dkt. No. 17.

Nearly a year later, the parties filed a joint motion for approval of collective action settlement and a stipulation to certify a collective certification

1

action for the purposes of settlement. Dkt. Nos. 25, 26. The parties attached their settlement agreement to the motion. Dkt. No. 26-1. The court denied the joint motion for two reasons. Dkt. No. 29. The first was the confusing nature of the motion itself. The court explained that it could not tell what the parties were asking of the court, because the motion and brief stated at various points that they were asking both for preliminary and final approval of the settlement, but did not specify that they were requesting a one-step process. Id. at 1-2. The second was that the settlement agreement explicitly told the collective plaintiffs that a fairness hearing would be scheduled, but the parties' motion and brief in support did not request a fairness hearing. Id. at 2.

The parties since have filed a renewed joint motion for settlement approval, dkt. no. 31, along with an amended stipulation to certify a collective action under 29 U.S.C. §216(b), dkt. no. 3. While their motion does not clarify what they are requesting, the parties' joint brief in support asserts that they are seeking approval of the collective settlement through a "one-step" process. Id. at 8 (citing Knox v. Jones Grp., No. 15-cv-1738, 2017 WL 3834929, *2 (S.D. Ind. Aug. 31, 2017)). They have added a signed amendment to the settlement agreement effectively removing the reference to a fairness hearing, dkt. no. 32 at 13-15, and they explain that a fairness hearing is not required because there is no Rule 23 class in this case, dkt. no. 33 at 5. The parties also have explained why they believe the settlement is fair and reasonable. Id. 9-10.

2

I.  **Settlement Agreement**

"A one-step settlement approval process is appropriate" for FLSA collectives. Knox, 2017 WL 3834929, *2 (S.D. Ind. Aug. 31, 2017) (collecting cases); Heuberger v. Smith, No. 3:16-CV-386 JD, 2019 WL 3030312 (N.D. Ind. Jan 4, 2019). "Unlike a typical class action suit under Federal Rule of Civil Procedure 23, in which unwilling plaintiffs must 'opt out' of the class, a collective action under Section 216(b) of the FLSA requires employees or former employees to 'opt in' to the class by providing written consent to join the collective action." Meetz v. Wis. Hosp. Grp. LLC, No. 16-C-1313, 2017 WL 3736776, at *2 (E.D. Wis. Aug. 29, 2017) (citing Woods v. N.Y. Life Ins. Co., 686 F.2d 578, 579–80 (7th Cir. 1982) (discussing differences between Rule 23 class action and FLSA collective action)). This court previously was persuaded by reasoning in similar cases in the Northern District of Illinois finding that the opt-in requirement of collective actions under 29 U.S.C. §216(b) does not implicate due process issues similar to those in Rule 23 class actions. Benoskie v. Kerry Foods, Inc., No. No. 19-cv-684, 2020 WL 5769488 (E.D. Wis. Sept. 28, 2020).

The Seventh Circuit has not addressed the question of whether stipulated agreements under the FLSA require court approval, but district courts in the Seventh Circuit routinely require such approval. Rambo v. Global Diversified, Inc., *et al.*, No. 4:20-cv-04212-SLD-JEH, 2021 WL 262556, at *1, n.2 (C.D. Ill. Jan. 26, 2021) (Citing, *e.g.* Salcedo v. D'Arcy Buick GMC, Inc., 227 F. Supp. 3d 960, 961 & n.1 (N.D. Ill. 2016); Paredes v. Monsanto Co. *et al.*,

3

No. 4:15-CV-088 JD, 2016 WL 1555649, at *1 (N.D. Ind. Apr. 18, 2016); Ellison v. Nisource, Inc., No. 2:15-CV-59-TLS, 2016 WL 782857, at *1-2 (N.D. Ind. Feb. 19, 2016)). But see Martin v. Spring Break '83 Prods. L.L.C., 688 F.3d 247, 255-56 (5th Cir. 2012) (finding a private settlement of an FLSA suit enforceable where there was a *bona fide* dispute between the parties over the hours worked although no court previously had approved the settlement).

"If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Castillo v. Noodles & Co., No. 16-CV-03036, 2016 WL 7451626 at *1 (N.D. Ill. Dec. 23, 2016). If the proposed settlement is "a fair and reasonable resolution of a bona fide dispute" over FLSA provisions, courts may approve the agreements to encourage settlement of litigation. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982). The court must consider whether the agreement is "a reasonable compromise of disputed issues rather than a mere waiver of statutory right brought by an employer's overreaching." Burkholder v. City of Ft. Wayne, 750 F. Supp. 2d 990, 994-95 (N.D. Ind. Nov. 1, 2010). Courts consider factors such as

> (1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceeding and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of the defendants to withstand a larger judgment; (6) the range of reasonableness of the settlement fund in light of the best possible recovery; and (7) the range of reasonableness of the settlement fund in light of all the risks of litigation.

Paredes, 2016 WL 1555649, at *2.

The parties agreed that the defendant will establish a gross settlement fund of $64,307.33.[1] This amount includes a total of $16,807.33 to be paid to the members of the class as follows:

1. Wes Augustynowicz $36.72
2. Tyler Brunker $144.43
3. Antonio Coronado $1,970.97
4. Montrell DuPriest $17.68
5. Victor Gonzalez $594.29
6. Artistis Hall $620.16
7. Chad Hayes $433.54
8. Marie Hoaglan $418.20
9. Mark Laumann $1,293.09
10. Mennas Laumann $448.40
11. Kou Lee $209.44
12. Dameon Lewis $1,470.16
13. Tiffany Millard $418.20
14. Vincent Pourner $330.53
15. Brodie Pummardar $17.68
16. Dagoberto Ramirez $2,332.09
17. Fernando Reyna $2,739.68
18. Justin Rodriguez $109.96
19. Maximo Rodriguez $1,158.15
20. Marvin Servant $341.99
21. Joe Swaims $1,701.97

Id. at 5. A $6,000 service fee will be paid out of the total sum to the collective representative and $41,500 will be provided to class counsel. Id. at 6. The defendant will deposit the total amount to the gross settlement fund and personal checks will be written to the class members within fourteen days of

---

[1] The settlement agreement and the brief in support state that the gross settlement amount is $64,307.31. Dkt. No. 32 at 2; Dkt. No. 33 at 1, 3, 4. The court assumes that this is a typo because the total of the amount to be shared among members of the class ($16,807.33), the amount to be paid to the named plaintiff ($6,000) and the amount of attorney fees and costs ($41,500) is $64,307.33.

5

this order. Id. In exchange, the collective members agree to dismiss their FLSA and WWPCL claims against the defendant. Id. at 7-8.

Regarding the first factor, the parties note the costs of the substantial remaining discovery, including depositions, document review, document production; retention of experts; motions practice; and a potential trial. Dkt. No. 33 at 10-11. The litigation has been pending since March 19, 2020, nearly two years before the parties filed their initial motion for approval, and over two years before they filed their amended motion.

As to the second factor—the stage of the proceeding and the amount of discovery completed—the parties have not yet begun dispositive motions practice, which they assert means that the proceeding is still in an early stage of litigation. They assert that prior to reaching a settlement they were preparing to engage in significant additional discovery, in addition to time-consuming motions practice. Id. at 11.

As for the third factor (the risks of establishing liability) and the fourth factor (the risks of establishing damages), the parties state that they recognize the shared risk of litigation, because they acknowledge a real dispute over liability and the problems calculating the extent of the damages. Id. at 9, 11. The parties disputed whether the defendant had the requisite "willfulness" required and whether the defendant could demonstrate "good faith" to avoid liquidated damages. Id. at 10.

The motion contains no information as to the fifth factor—the ability of the defendant to withstand a larger judgment.

As to the sixth and seventh factors—the range of reasonableness of the settlement in light of the best possible recovery and in light of all the risks of litigation—class counsel calculated the amount paid to each member of the FLSA collective and then estimated the "off-the-clock" time worked by each member to recalculate the actual past due overtime wages. <u>Id.</u> at 9. The parties then negotiated at arm's length to reach a resolution yielding proportionate liquidated damages and a total potential recovery amount commensurate with the overall risk. <u>Id.</u> at 10. The parties say that the settlement provides members with their full past due wages and 60% of their potential liquidated damages—in total, 160% of their past due wages. <u>Id.</u>

The court concludes that an agreement that will pay the plaintiff collective $64,307.33 is a reasonable compromise of the disputed issues, assuming the costs of potential future litigation. The case had been pending for over two years when the parties filed this motion. Because they were at only the initial discovery phase when they reached this agreement, it is reasonable to assume that much more litigation lay ahead and that it would have been costly. The court will approve the proposed settlement.

## II.  Conclusion

The court **CERTIFIES** the following FLSA collective:

> All twenty-one (21) current and former hourly-paid, non-exempt employees employed by Defendant at its Wauwatosa, Wisconsin facility within the preceding three (3) years who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendant's failure to compensate said employees for all hours worked, and who have consented to join this lawsuit pursuant to this Court's prior orders.

7

Case 2:20-cv-00425-PP   Filed 07/12/22   Page 7 of 8   Document 35

The court **APPOINTS** Marie Hoaglan to serve as the representative for the collective.

The court **APPOINTS** the law firm Wachleske & Luzi, LLC as counsel for the collective.

The court **GRANTS** the parties joint renewed motion for final settlement approval of the collective action settlement. Dkt. No. 31.

The court **APPROVES** the settlement agreement and **APPROVES** awards of $41,500 in attorneys' fees and $6,000 to the collective representative.

The court **ORDERS** that the plaintiff's FLSA Collective members' released FLSA and WWPCL claims are dismissed with prejudice.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 12th day of July, 2022.

          **BY THE COURT:**

          _____
          **HON. PAMELA PEPPER**
          **Chief United States District Judge**